**TARVER et al. v. MITCHELL et al.**
(No. 7215.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 5, 1924. Rehearing Denied Nov. 26, 1924.)

**1. Corporations ⬒283(3)—Evidence of fraud in election of board of directors held to justify setting aside election and ordering new one.**

Evidence of unfair and fraudulent manner of holding an election of board of directors of incorporated library association *held* to justify setting aside the election and ordering a new one.

**2. Corporations ⬒283(3)—Order, appointing master in chancery to hold election of board of directors of library association, held unwarranted.**

Trial court's order, appointing master in chancery to hold election of board of directors of incorporated library association, and defining manner of such election, *held* unwarranted, where by-laws of association specifically provided as to how and when election should be had.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by W. H. Mitchell and others against H. M. Tarver and others. From the judgment rendered, defendants appeal. Affirmed in part, and reversed and remanded in part.

P. H. Swearingen and Bell & Bell, all of San Antonio, for appellants.

T. H. Ridgeway and Arnold & Cozby, all of San Antonio, for appellees.

COBBS, J. [1, 2] This suit was brought to set aside the election of a board of directors of the Colored Library Association, a corporation, and cause a new board to be elected under the orders and decrees of the trial court, and for the appointment of a master in chancery to perform that function under the direction of the court. The suit was brought by W. H. Mitchell and others, alleging it was brought individually for them-

selves and as members of the incorporated society, which is named Colored Library Association, for and in behalf of the corporation and all its members.

A large number of the members assembled in pursuance of the regular call, in obedience to and in accordance with the by-laws, at which meeting there was more than a majority of the members present. It is alleged that the majority of the number present desired to elect Mitchell, Brady, Johnson, Mrs. L. D. Jeffers, Franklin, and McCree as directors, to take the place of the eight directors whose terms of office expired that night. It is alleged that H. M. Tarver, the president of the meeting, fraudulently and wrongfully refused to permit appellees' names to be placed in nomination, and arbitrarily and without authority appointed a nominating committee, which was a fraudulent and improper plan on the part of Tarver to take charge of the meeting, which committee had been previously advised to nominate Tarver. The opposition protested thereat and demanded that appellee be nominated. Tarver refused to recognize any of the adverse faction, and declared the appellants nominated.

Here the tug of war began. The appellees retired to another place, other than the community house, where such elections are held, and elected their faction. The meeting was held amid a storm of voices and protests. It was a bedlam, nothing short of a great storm and hurricane of noises and abuses, the one to the other, rent the air. A row must have been anticipated, because a part of the state ranger force of Texas, as some of the witnesses described them, consisting of about six or eight men, with large white hats and "swords and pistols," as it were, buckled on their sides, suddenly appeared and graced this colored community meeting, as so-called conservers of peace, which only tended to disturb them more. One of the witnesses said, when the rangers came in, "It upset us, because they were white men in a colored meeting."

Of course, the negroes had long since observed that rangers were used in some instances in such affairs in times of peace, without color of authority, and entered private homes and vice houses alike, often without warrants, and made arrests of the inmates, and seized and searched the premises, and destroyed property. Their presence at the meeting nevertheless was quite sufficient to further disturb these nervous people, no doubt, and caused them to make a great hurrah and noise. We will not stop, however, to discuss the evidence in detail. They had one wild time, no doubt.

We find no findings of fact made or filed by the trial court, that the election was unfairly or fraudulently held, but inferentially that may be inferred as a finding, because the court set aside and declared the election void, and appointed a master and conferred upon him authority to hold an election and declare the results, giving specific directions how to hold it, and report back to the court. This decree was not indexed in the transcript, and here again we had to search it out without proper indexing of the transcript or aid of counsel.

While there are great powers vested in courts of equity, the appointment of receivers is made only in certain extreme cases, and under very great urgency and necessity, such as is not shown here to be a case that demands such an extreme measure. The corporation is chartered by the laws of this state, possessing certain powers. It has and did exercise the right to make its own by-laws for its government. One of which was in respect to the election of its board of directors, as follows:

"The management of the affairs of the Community Library Association shall be vested in a board of directors consisting of fifteen members who shall be elected by and from among the members of the Library Association in its annual meeting to be held for that purpose on the second Tuesday of November of each year for a term of two years, provided that at their first meeting under this constitution to be held not later than one week from the date of their election, the members thus elected shall determine by lot what eight shall hold office for two years and what seven shall hold office for one year: And provided further that on the second Tuesday in November of each even year seven members shall be elected and on the second Tuesday in November of each odd year hereafter eight members shall be elected as provided, and the president of the library board shall call the Community Library Association together for this purpose of electing the board of directors after causing to be posted on the door of the community house a call and notice of it two weeks before such election and shall preside at the election of the board."

Appellant has given us the benefit, by citation, of no authority for their contention, and appellees have filed no brief at all. However, we affirm, with some hesitancy, the judgment of the trial court in setting aside the election and ordering a new one; but reverse all the balance of the judgment, appointing a master in chancery to hold the election, and defining the manner thereof.

Therefore the case is remanded, with instructions to hold the election precisely as provided by appellants' by-laws. Affirmed in part, and reversed and remanded in part.